UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                CASE NO.  4:05-CR-030-SPM

**CATHERINE BELL,**

      **Defendant.**
_____/

**ORDER DENYING MOTION TO CORRECT SENTENCE**

**THIS CAUSE** comes before the Court upon Defendant's "Motion to Correct Sentence" (doc. 32) filed October 20, 2006, in which Defendant claims that her 60-month sentence was the product of clear error, arguing that the Court, in upward departing, erroneously considered conduct that was already counted in the guidelines calculations.

Defendant is correct that the number of victims and loss amount were taken into account by the guidelines; however, the sheer number of checks alone is properly considered in making a departure under section 5K2.0(a)(3) of the Sentencing Guidelines Manual.  Defendant's $70,000-plus gain was not attributable to just a few checks; rather, she wrote over 450 separate checks, targeting some merchants repeatedly; for example, Winn-Dixie was the target of 78 false checks, while Sam's Club fell victim 28 times to her actions.

Further, section 4A1.3(a)(1) of the manual permits an upward departure when "the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ."  In this case, Defendant's criminal conduct stretches as far back as 1983.  She has repeatedly engaged in conduct designed to fraudulently deprive others of their money, whether it takes the form of worthless checks, forged checks, or other behavior.  Her offenses span both before and after the period of the indictment.

Finally, section 5K2.21 of the manual permits an upward departure based on dismissed or undischarged conduct.  The Court is permitted to consider the course of conduct she undertook in Leon County from 1998 through 2002, in which she wrote 65 false checks totaling over $11,000, thus making Defendant's reliance on United States v. Joshua, 40 F.3d 948 (8th Cir. 1994) inapplicable.

Because the Court properly took these elements into consideration when determining the amount of upward departure, it is

**ORDERED AND ADJUDGED** that Defendant's motion to correct sentence (doc. 32) is hereby *denied*.

**DONE AND ORDERED** this eighteenth day of January, 2007.

　　　　　　　　　　　　　　*s/ Stephan P. Mickle*
　　　　　　　　　　　　　　Stephan P. Mickle
　　　　　　　　　　　　　　United States District Judge