**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                    **CASE NO.  4:05-CR-030-SPM**

**CATHERINE BELL,**

      **Defendant.**
_____/

**ORDER AMENDING JUDGMENT AND SENTENCE**

**THIS CAUSE** comes before the Court upon two letters written by Defendant, who advises that the Bureau of Prisons is attempting to collect restitution payments from her during her incarceration.  A review of the record reveals that the judgment and sentence does not correctly reflect the oral pronouncement at sentencing and must be amended.

The Court ordered that "restitution shall be paid in monthly installments of at least $300 beginning within 60 days from the date of [Defendant's] release from imprisonment" and specified that "[i]nterest on all outstanding restitution is waived."[1]  Because the oral pronouncement at sentencing controls where there is a conflict with the written judgment, United States v. Bates, 213 F.3d 1336, 1340

---

[1] Tr. Stcg. Hrg., doc. 50 at p. 20.

(11th Cir. 2000), the written judgment must be amended.  Accordingly, it is

**ORDERED AND ADJUDGED** that the clerk shall prepare an amended judgment and sentence to reflect the following:

1. Restitution shall be paid in monthly installments of at least $300 beginning within 60 days from the date of Defendant's release from imprisonment.

2. Interest on all unpaid restitution is waived.

3. In all other aspects, the judgment and sentence remains unchanged.

**DONE AND ORDERED** this twenty-fourth day of May, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge